USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

JERMAINE DELESTON,                                    CASE NO.: 1:19-cv-06351-LGS

          Plaintiff,

                                                      **FINAL DEFAULT
                                                      JUDGMENT AS TO**
          v.                                          **THE PALMETTO BAY GROUP,
                                                      INC.**

RANCHO VEGANO INC. d/b/a Rancho Vegano,
and THE PALMETTO BAY GROUP, INC.,

          Defendants.

-------------------------------------------------X

This action having been commenced on July 9, 2019, by the filing of a summons and

complaint, and a copy of the Summons and Complaint having been served on Defendant THE

PALMETTO BAY GROUP, INC., on July 18, 2019, and proofs of service having been filed on

July 19, 2019, and said Defendant not having answered the complaint and the time for answering

the complaint having expired, it is hereby

          **ORDERED, ADJUDGED AND DECREED**, as follows:

     1.  That Plaintiff has Judgment against Defendant THE PALMETTO BAY GROUP, INC., to

correct the following architectural barriers and violations of the Americans with Disabilities Act

("ADA") within sixty (60) days (the "Remediation Order") at the facility commonly referred to as

Rancho Vegano, located at 2270 2nd Avenue, New York, New York 10035 (hereinafter the

"Subject Facility"):

          a.  Inaccessible entrance at the Subject Facility.

          b.  Failure to provide an accessible route to the Subject Facility, for navigation by a

              wheelchair.

c. Failure to provide an accessible means of egress, at the existing step at the main entrance of the Subject Facility, for navigation by a wheelchair, in that the existing step at the main entrance of the Subject Facility acts as a barrier to accessibility.

d. The required ramp is not provided for the existing step at the main entrance of the Subject Facility.

e. The required minimum maneuvering clearance is not provided at the door of the main entrance.

f. Failure to provide a compliant change in the floor level within the required maneuvering clearance at the door of the main entrance of the Subject Facility, making the Subject Facility inaccessible to wheelchair bound patrons.

g. The existing step at the secondary entrance of the Subject Facility acts as a barrier to accessibility.

h. The required ramp is not provided for the existing step at the secondary entrance of the Subject Facility.

i. The required minimum maneuvering clearance is not provided at the door of the secondary entrance of the Subject Facility.

j. Failure to provide a compliant change in the floor level within the required maneuvering clearance at the door of the secondary entrance of the subject Facility, making the Subject Facility inaccessible to wheelchair bound patrons.

k. Inaccessible dining tables: the required minimum knee and toe clearance is not provided at the dining tables and a minimum percentage of the existing dining tables required to be accessible is not provided.

l. Inaccessible bar: non-compliant height of the bar exceeds maximum height allowance, the required minimum knee and toe clearance is not provided at the bar, and the portion of the bar required to be accessible is not provided.

m. Failure to provide accessible and compliant restrooms in the Subject Facility in that the following violations were discovered during an inspection of the restrooms in the Subject Facility:

  i. Compliant signage identifying the women's restroom is not provided as required.

  ii. The required minimum maneuvering clearance is not provided at the door of the women's restroom.

  iii. Non-compliant door swing of the door at the women's restroom, in that the restroom door swings into the floor space of the fixtures at the women's restroom.

  iv. Non-compliant door knob at the door of the women's restroom requires twisting of the wrist.

  v. The required minimum turning space is not provided in the women's restroom.

  vi. Inaccessible water closet in the women's restroom, in that the required minimum clearance is not provided at the water closet in the women's restroom.

  vii. The required grab bars are not provided on the rear and side walls of the water closet in the women's restroom.

viii. Inaccessible flush control at the water closet in the women's restroom, in that the non-compliant position of the flush control is located at the closed side of the water closet in the women's restroom.

ix. Inaccessible lavatory in the women's restroom, in that the required minimum clear floor space is not provided at the lavatory in the women's restroom.

x. Inaccessible lavatory in the women's restroom, in that the required minimum knee and toe clearance is not provided at the lavatory in the women's restroom.

xi. Insulation of the pipes and water lines under the lavatory in the women's restroom is not provided as required.

xii. Non-compliant faucet knobs at the lavatory in the women's restroom requires twisting of the wrist.

xiii. Inaccessible paper towel dispenser in the women's restroom, in that the non-compliant mounted height of the paper towel dispenser in the women's restroom exceeds the maximum height allowance.

xiv. Compliant signage identifying the men's restroom is not provided as required.

xv. Inaccessible men's restroom, in that the required minimum maneuvering clearance is not provided at the door of the men's restroom.

xvi. Non-compliant door knob at the door of the men's restroom requires twisting of the wrist.

xvii. Non-compliant door lock at the door of the men's restroom requires twisting of the wrist.

xviii. The required minimum turning space is not provided in the men's restroom.

xix. Inaccessible water closet in the men's restroom, in that the required minimum clearance is not provided at the water closet in the men's restroom.

xx. The required grab bars are not provided on the rear and side walls of the water closet in the men's restroom.

xxi. Inaccessible flush control at the water closet in the men's restroom, in that the non-compliant position of the flush control is located at the closed side of the water closet in the men's restroom.

xxii. Inaccessible urinal in the men's restroom, in that the non-compliant height of the wall mounted urinal exceeds the maximum height allowance.

xxiii. Inaccessible lavatory in the men's restroom, in that the required minimum clear floor space is not provided at the lavatory in the men's restroom.

xxiv. The required minimum knee and toe clearance is not provided at the lavatory in the men's restroom.

xxv. Insulation of the pipes and water lines under the lavatory in the men's restroom is not provided as required.

xxvi. Non-compliant faucet knobs at the lavatory in the men's restroom requires twisting of the wrist.

xxvii. Inaccessible paper towel dispenser in the men's restroom, in that the non-compliant mounted height of the paper towel dispenser in the men's restroom exceeds the maximum height allowance.

xxviii. The first of two mirrors in the men's restroom is inaccessible, in that the non-compliant mounted height of the first of two mirrors in the men's restroom exceeds the maximum height allowance.

xxix. The second of two mirrors in the men's restroom is inaccessible, in that the non-compliant mounted height of the second of two mirrors in the men's restroom exceeds the maximum height allowance.

xxx. Inaccessible coat hook in the men's restroom, in that the non-compliant height of the coat hook in the men's restroom exceeds the maximum height allowance.; and it is further

2. That the subject facility, located at 2270 2nd Avenue, New York, New York 10035, which is currently leased, owned and operated by Defendant THE PALMETTO BAY GROUP, INC. shall be closed to the general public with all business operations ceased until Defendant fully complies with the terms of this Order.

Sanctions may be imposed

3. That within sixty (60) days after entry of this Judgment, Defendant shall serve and file with this Court notice and evidence of its compliance with the terms hereof.

4. That the Court reserves jurisdiction to enforce the terms of this Judgment as set forth above, and upon full compliance by Defendant of the foregoing to hold such further proceedings as necessary to affix and award Plaintiff's damages, as well as, his attorneys' fees, costs and litigation

expenses incurred through the date of Defendant's full compliance.

Dated:  New York, New York
        December 16   , 2019

                                    SO ORDERED:

                                    LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE